Filed March 6, 1891.

EDWIN F. ABELL ET AL.
VS.
WALTER R. ABELL ET AL.

*Messrs. Venable & Packard* and *John I. Yellott* represented the plaintiffs.

*Messrs. Wm. A. Fisher, Bernard Carter* and *Wm. A. Hammond* the defendants.

PHELPS, J.—

Only excerpts from the opinion in this case were published in the Daily Record of March 7, 1891, and the publisher states that the full opinion will appear in a later issue. However, the opinion in full was not published in any of the Daily Records up to and including June 30, 1891. It may appear in a later volume. The headings are, therefore, based merely on excerpts from the opinion published in the Daily Record of March 7th.

Judge Phelps yesterday filed his opinion in the case of Edwin F. Abell et al. vs. Walter R. Abell et al., in the Circuit Court. The suit was brought by the executors and trustees of the late Arunah S. Abell, to obtain a judicial construction of his will and the administration of his estate under the direction of the Court.

This construction was particularly desired after the death of Mrs. J. W. S. Brady, daughter of the late A. S. Abell. The opinion states that "a number of questions, some of them difficult, have been argued at length by counsel, orally and upon briefs, the first of which in importance is, as to the nature and extent of the interests respectively taken by the trustees and the *cestuis que trustent.* In order to determine the duration of the trust declared in the 16th clause of the will, it is essential to ascertain at the outset exactly for whose benefit the trust was created."

"The proposition is stated concisely, but with perfect accuracy, in the brief of the plaintiff's counsel. In all the treatises and in the cases there is one general rule laid down as to the duration of the trustee's title, and that rule, stated in the briefest form, is that the trustee's title is commensurate with the purposes of the trust." "And the same rule is stated and applied in the cases mainly relied on by defendants' counsel." "The legal interest of a trustee in an estate given him in trust is measured, not by words of inheritance, or equivalent terms, but, by the objects and extent of the trust upon which the estate is given.' 'It shall be carried further than the complete execution of the trust necessarily requires.'

"When all the purposes of the trust have ceased, the absolute estate is in the person entitled to the last use, unless there is an apparent intention to the contrary." The opinion then goes on to state that "there are presented in this case two conflicting theories of interpretation, and they may be briefly summed up by stating that according to one theory, the trust here was created for the benefit of the five daughters only, and by the opposite view the trust was intended for the benefit of the five daughters and their respective children. In the former is involved the conception of five separate trusts, terminating separately upon the death of each daughter, while the latter contemplates the aggregate five-eighths held together in mass as the corpus of a single trust of indefinite duration. It is allowed on both sides that in determining between these opposing views the intention of the testator must govern."

The judge says, suppose now the question were asked the testator himself: "You have named the five daughters in connection with this trust, and there is no doubt at all, so far as they are concerned, but you have also referred to their children in the same connection and in terms that are not altogether free from doubt; now for whose benefit do you wish it to be understood that this trust has been created? Is it for the benefit of the daughters, or is it for the benefit of the daughters and their respective children?"

The judge in referring to what the testator has said in different clauses of the will in regard to the trusts says: "These distinctive words indicate that the testator contemplated he had created not a trust, but 'trusts'." It seems apparent that the trusts is, or rather the trusts are created for the benefit of daughters only, that they are to continue as to each one severally during her life only, and that, with an important qualification * * * they are each to determine as to her one-eighth share upon her death.

"It results," says the judge "from what has been said as to the duration of the trust that the five daughters take each an equitable estate for life, and for such period thereafter as may be required for the performance by the trustees of the duties, to value, set apart and convert, and that the legal estate in the trustee's will be commensurate therewith. Upon the death of any daughter leaving issue, and upon the execution of the trust duties above specified, the use as to her one-eighth share is executed in her child or children, who take the absolute interest therein, discharged from the trust. There is a vested remainder in each child as born, subject to open and let in afterborn children of the same parent. The opinion will appear in full later. Messrs. Venable & Packard and John I. Yellott represented the plaintiffs, and Messrs. Wm. A. Fisher, Bernard Carter and Wm. A. Hammond the defendants.